**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>  Plaintiff,<br><br>v.<br><br>UNIVERSITY OF IOWA; BOARD OF REGENTS, STATE OF IOWA, TIFFINI STEVENSON EARL, individually and in official capacity, IRIS FROST, individually and in official capacity, LYN REDINGTON, individually and in official capacity, ANGIE REAMS in official capacity, CONSTANCE SCHRIVER CERVANTES, individually and in official capacity, JOHN KELLER, individually and in official capacity, MONIQUE DICARLO, individually and in individual capacity, MARK BRAUN, individually and in official capacity,<br><br>  Defendants. | CASE NO. 3-19-CV-00047<br><br><br>**DEFENDANTS' JOINT MOTION TO STRIKE AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

**COME NOW** Defendants the University of Iowa ("UI" or "University"), the Board of Regents, State of Iowa ("Board"), Tiffini Stevenson Earl, Iris Frost, Lyn Redington, Angie Reams, Constance Schriver Cervantes, John Keller, Monique DiCarlo, and Mark Braun, and submit their joint motions to strike and to dismiss Plaintiff John Doe's Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(f) and 12(b)(6) respectively. In support of their joint motions, Defendants state the following:

1

1. Plaintiff filed his Amended Complaint on November 27, 2019,[1] alleging violations of 42 U.S.C. § 1983 for denial of his Fourteenth Amendment Due Process rights against all individual Defendants (Count I); violations of Title IX of the Education Amendments of 1972 against the University and Board (Counts II-V); violations of 42 U.S.C. § 1981 and 42 U.S.C. § 2000d against the University, the Board "and/or individual Defendants"[2] (Count VI); violation of the Equal Protection Clause of the Fourteenth Amendment against all individual Defendants (Count VII); violations of 42 U.S.C. § 1983 for denial of his First Amendment and Fourteenth Amendment rights, as well as violation of Article I, § 7 of the Constitution of the State of Iowa against Defendants Stevenson Earl and Frost (Count VIII); Breach of Contract under Iowa law against the University and the Board (Count IX); and a claim for Declaratory Judgment for Violation of the United States and Iowa Constitutions against the individual Defendants for injunctive relief "and/or" the University and the Board (Count X).[3]

2. At the outset, Plaintiff's Amended Complaint should be stricken for failure to comply with Federal Rule of Civil Procedure 8(a). Specifically, Rule 8(a) requires that a "pleading that states a claim for relief must contain . . . (2) a *short and plain statement* of the claim showing that the pleader is entitled to relief." This is bolstered by Rule 8(d)(1), which states, "Each allegation must be simple, concise, and direct."[4]

---

[1] Plaintiff filed his original Complaint on June 21, 2019. Defendants subsequently filed a Joint Motion to Strike and Motion to Dismiss on November 8, 2019. In response to Plaintiff's decision to file an Amended Complaint, Defendants withdraw their previous Motion to Dismiss.
[2] Count VI should be dismissed for failure to clearly indicate which individuals or institutions the claim is asserted against.
[3] Again, Count IX should be dismissed for failure to indicate which Defendants are being sued.
[4] Plaintiff's Amended Complaint is littered with conclusory, unnecessary, and improper statements which do not advance his legal arguments. *See e.g.,* Am. Compl. p. 115, ¶ 133 ("UI and the Board's actions show they would rather tackle a lawsuit from a male, where the evidence is clear that UI discriminated against him, than tackle another costly lawsuit from a female.")

2

3. Plaintiff's Amended Complaint is 129-pages, including 92 pages of factual allegations.[5]

4. Plaintiff's non-compliance with Rule 8 is worsened by the fact that at least two of his claims – Counts VI and X – do not clearly state which Defendants they are asserted against. *See supra* fn. 1-2.

5. Further, Plaintiff's Amended Complaint contains dozens of references to and analysis of the Department of Education's "Dear Colleague" letters. *See, e.g.,* Am. Compl. ¶¶ 33-36, 70, 314, 315, 420, 596-599. Courts have uniformly held that students cannot maintain claims for money damages based on non-compliance with Title IX sub-regulatory guidance. *See, e.g., Roe v. St. Louis Univ.,* 746 F.3d 874, 883-83 (8th Cir. 2014) (rejecting claim that institution was deliberately indifferent because it failed to involve its Title IX coordinator as required by regulation); *Moore v. Regents of the Univ. of Cal.,* 2016 WL 2961984, at *5 (N.D. Cal. 2016) ("There is no private right of action to recover damages under Title IX for violations of [the Department of Education's] administrative requirements, much less the provisions of the DCL"). Any in-depth discussion of these letters is inappropriate and irrelevant and should be stricken from Plaintiff's Amended Complaint.

6. Simply put, Plaintiff's Amended Complaint is not "simple, concise, and direct" in any meaningful way, and should be stricken pursuant to Rule 12(f).[6]

---

[5] Defendants also note that Plaintiff's initial Complaint was 199-pages, including 172 pages of factual allegations, for which Defendants' filed their original motion to strike.

[6] *See Favors v. Louvey*, 2019 WL 3043958 (D. Minn. June 18, 2019) (dismissing plaintiff's amended complaint, which ran 105-pages, after plaintiff was given an opportunity to amend his original 118-page complaint to conform with Rule 8(a)); *Verrees v. Davis*, 2018 WL 1919824 (E.D. Cal. Apr. 24, 2018) (dismissing plaintiff's 92-page amended complaint for failing to comply with Rule 8(a)); *Achagzai v. Broadcasting Bd. of Governors*, 109 F.Supp.3d 67, 71 (D.D.C. 2015) (striking a 226-page complaint and granting plaintiff leave to "excise redundant material and file a streamlined amended complaint"); *Regenicin, Inc. v. Lonza Walkersville, Inc.*, 997 F.Supp.2d 1304, 1310 (N.D. Ga. 2014) (dismissing a "shotgun complaint," which "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusion . . . [and] also fail to specify which defendant is responsible for each act

7. In addition to the issues with the form of Plaintiff's Amended Complaint, several of Plaintiff's claims fail as a matter of law and should be dismissed.

8. Counts I and VIII fail on various grounds and should be dismissed with prejudice. First, Plaintiff's § 1983 claims fail as stated against several of the individual Defendants in their individual capacities because Plaintiff has not asserted any direct link between each of the Defendants and the alleged violation of his constitutional rights, and because the individual Defendants are shielded by the doctrine of qualified immunity.

9. Count III fails because Plaintiff has not asserted a plausible claim that the University selectively enforced its policies.

10. Count IV fails because Plaintiff has not asserted a plausible claim that he faced a hostile educational environment based upon his gender.

11. Count V fails because Plaintiff has not asserted a plausible claim that the University was deliberately indifferent to known acts of discrimination against him.

12. Count VIII fails because Plaintiff has not asserted facts against the individual Defendants sufficient to support a cognizable 42 U.S.C. § 1983 claim. Plaintiff's First Amendment claims further fail because his harassing speech was not protected by the First Amendment as a matter of law.

13. Plaintiff's claim under Article I, §7 of the Constitution of the State of Iowa is barred by the Eleventh Amendment to the United States Constitution and should be dismissed.

---

alleged"); *Prezzi v. Berzak*, 57 F.R.D. 149, 157 (S.D.NY. 1972) ("The Federal rules of Civil Procedure envision a system of *simplified pleadings* that given notice of the general claim asserted, allow for the preparation of a basic defense, *narrow the issues* to be litigated, and provide a means for quick disposition of sham claims . . . Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed.").

14. Count IX fails because Plaintiff's state law claim for breach of contract claim is barred by the Eleventh Amendment to the United States Constitution. Even if Plaintiff's claim was not barred by the Eleventh Amendment, it must be dismissed because Plaintiff has failed to assert a cognizable breach of contract claim.

15. Additionally, the Court should dismiss Defendants Stevenson Earl, Frost, Redington, Keller, Braun, and Schriver Cervantes in their individual capacities, as they are entitled to absolute immunity under the doctrines of quasi-judicial immunity and quasi-prosecutorial immunity.

16. Defendants have set forth their arguments in detail in the attached Brief in Support of Their Motion to Dismiss.

**WHEREFORE**, Defendants pray the Court strike Plaintiff's Amended Complaint in its entirety for failing to comply with Rule 8(a) and dismiss those portions discussed above and in the Brief attached to this Motion for failing to state a claim upon which relief can be granted.

Respectfully Submitted,

**THOMAS J. MILLER**
Attorney General of Iowa

*/s/ Christopher J. Deist*
CHRISTOPHER J. DEIST

*/s/ Kayla Burkhiser Reynolds*
KAYLA BURKHISER REYNOLDS
Assistant Attorneys General
Hoover Building, Second Floor
1305 East Walnut Street
Des Moines, Iowa 50319
PHONE: (515) 281-7240
FAX: (515) 281-7219
E-MAIL: christopher.deist@ag.iowa.gov
    kayla.burkhiser@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

*Original filed electronically.*

*Copy electronically served on all parties of record.*

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on December 11, 2019:

☐ U.S. Mail  ☐ FAX
☐ Hand Delivery  ☐ Overnight Courier
☐ Federal Express  ☐ Other
☒ CM/ECF

Signature: /s/AUDRA DRISH