**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF IOWA; BOARD OF REGENTS, STATE OF IOWA, TIFFINI STEVENSON EARL, individually and in official capacity, IRIS FROST, individually and in official capacity, LYN REDINGTON, individually and in official capacity, ANGIE REAMS in official capacity, CONSTANCE SCHRIVER CERVANTES, individually and in official capacity, JOHN KELLER, individually and in official capacity, MONIQUE DICARLO, individually and in individual capacity, MARK BRAUN, individually and in official capacity,<br><br>    Defendants. | **CASE NO. 3-19-CV-00047**<br><br><br><br>**JOINT ESI STATUS REPORT** |

COME NOW, the parties, pursuant to the Court's March 3, 2020 Order, and submit this Joint ESI status report, stating to the Court as follows:

1. Without having a copy of Plaintiff's discovery requests, the following individuals could have electronically stored information relating to this case:

    a.  Plaintiff John Doe (pseudonym)

    b.  Sally Roe (pseudonym)

    c.  Lisa Roe (pseudonym)

    d.  Tiffini Stevenson Earl

    e.  Connie Schriver Cervantes

f.  John Keller

g.  Monique DiCarlo

h.  Mark Braun

i.  Iris Frost

2.  Relevant and discoverable ESI is likely to include emails among or between Plaintiff, his accusers, and UI staff who participated in the student disciplinary process with regard to this case. Other discoverable information may include notes from witness interviews, memoranda, letters, reports, calendar entries, hearing audio, copies of evidence provided to investigators, and other records from the student disciplinary process. Potentially relevant ESI might also include records of student disciplinary proceedings involving minority or female respondents or other statistical summaries, though Defendants will object to providing any information which might violate the University of Iowa's responsibilities with regard to FERPA and other applicable privacy laws. Plaintiff has indicated that he will not request native-format files, and as such, files relating to Plaintiff's student conduct proceeding will be provided in PDF format.

3.  Defendants will search their records for relevant documents between January 2016 and July 2018.

4.  The parties will revisit the specific format for records searches once Defendants have been provided with Plaintiff's discovery requests.

5.  Given the relatively small number of documents at issue in this case, the parties do not anticipate the need to utilize algorithms to search their records. Defendants have requested that the individuals listed above provide all documents even tangentially related to this matter for review and potential

2

production.  Defendant UI will request keyword email searches formulated from variations of the names of Plaintiff and his two accusers for the time period at issue. The parties will collaborate to address any additional keyword searches as the need arises.

6.  The parties have yet to exchange initial disclosures, but the parties are aware of the existence of ESI as outlined in this status report.

7.  Defendants have issued litigation holds to all of the named Defendants in this case.

8.  Defendant University of Iowa utilizes cloud storage for data relating to university email accounts and phone services. Student records and the databases relevant to this case are not stored in the cloud.

9.  The parties are aware that Plaintiff frequently uses at least one social media account.  Defendants anticipate that they will request information relating to Plaintiff's use of various social media accounts, including his usernames, when the accounts were established, whether the accounts are "public" or "private" accounts.  Defendants further anticipate requesting copies of any and all posts or messages relating to this case or which demonstrate Plaintiff's emotional well-being throughout the time period at issue in this case and to present.

10. The parties do not anticipate the need for a phased discovery plan at this time.

11. The parties do not anticipate the need for expert witnesses relating to ESI in this case.

12. Given the relatively small number of documents in this case, the parties do not anticipate needing a cost-sharing model with regard to the discovery or review of case-related ESI.

13. Defendants will request information relating to social media as outlined in paragraph 9.  The parties do not anticipate further discovery relating to social media use.

14. The parties have not agreed on a stipulate pursuant to Federal Rule of Evidence 502(e).

Respectfully Submitted,

**THOMAS J. MILLER**
Attorney General of Iowa

**/s/ Kayla Burkhiser Reynolds**
KAYLA BURKHISER REYNOLDS
**/s/ Christopher J. Deist**
CHRISTOPHER J. DEIST
Assistant Attorneys General
Hoover Building, Second Floor
1305 East Walnut Street
Des Moines, Iowa 50319
PHONE: (515) 281-7240
FAX: (515) 281-7219
christopher.deist@ag.iowa.gov
kayla.burkhiser@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

**/s/ Rockne Cole**
ROCKNE COLE
209 E. Washington Street, Suite 304
Iowa City, Iowa 52240
(319) 774-8552
rockne@colelawfirmiowa.com
ATTORNEY FOR PLAINTIFF

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on March 31, 2020:

☐ U.S. Mail                    ☐ FAX
☐ Hand Delivery                ☐ Overnight Courier
☐ Federal Express             ☐ Other
☒ CM/ECF

Signature: /s/AUDRA DRISH_____