IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| JOHN DOE,<br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF IOWA; BOARD OF REGENTS, STATE OF IOWA; TIFFINI STEVENSON EARL; IRIS FROST; LYN REDINGTON; ANGIE REAMS; CONSTANCE SCHRIVER CERVANTES; JOHN KELLER; MONIQUE DICARLO, and MARK BRAUN,<br><br>    Defendants. | No. 3:19-cv-00047-RGE-HCA<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

**I.    INTRODUCTION**

Plaintiff John Doe sues the University of Iowa, the Board of Regents of the State of Iowa, and several University and Board officials for allegedly violating his rights under state and federal law during a sexual misconduct investigation that led to his expulsion from the University. Third Am. Compl., ECF No. 57. Recently, the Court granted in part and denied in part Defendants' motion to dismiss Doe's third amended complaint. ECF No. 106. Now before the Court is Doe's motion for a temporary restraining order (TRO) and preliminary injunction. ECF No. 101. Defendants resist. ECF No. 113. For the reasons set forth below, the Court denies Doe's motion.

**II.    BACKGROUND**

The limited purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "[H]aste . . . is often necessary if those positions are to be preserved." *Id.* As a result, the Court's decision to grant or deny an injunction rests on "procedures that are less formal and

evidence that is less complete than in a trial on the merits." *Id.* Accordingly, the Court's findings of fact and conclusions of law in this Order are not binding at trial. *See id.*

The facts relevant to Doe's disciplinary proceedings are summarized in the Court's Order on Defendants' motion to dismiss Doe's third amended complaint. ECF No. 106 at 1–5. The facts relevant to Doe's instant motion—which are generally undisputed at this stage—are summarized below. These facts are drawn from the parties' briefs and attached exhibits, as well as the third amended complaint. *See* Pl.'s Br. Supp. Mot. Prelim. Inj. & TRO 3–4, ECF No. 101-1; Pl.'s Sealed Am. App. Supp. Mot. Prelim. Inj. & TRO, ECF No. 109; ECF No. 113; Defs.' Exs. A–C Supp. Resist. Pl.'s Mot. Prelim. Inj. & TRO, ECF Nos. 113-1 to 113-3; ECF No. 57; *see also* Doe Aff., Pl.'s Sealed Ex. 1 Supp. Mot. Prelim. Inj. & TRO, ECF No. 109 at Doe Appx. 2–4 (verifying third amended complaint and providing additional facts).[1]

In the spring of 2017, two female undergraduate students filed complaints accusing Doe—a graduate student at the University—of sexual misconduct. ECF No. 57 ¶ 3. At the time, Doe was in the final semester of his master's degree program. *See id.* ¶¶ 9, 427. Following an investigation and hearing on the complaints, Doe was expelled from the University in October 2017. *Id.* ¶ 231. Doe appealed the decision, first to the University and then to the Board. *Id.* ¶¶ 238, 245. The Board affirmed his expulsion in June 2018. *Id.* ¶ 272.

Doe "had until the end of Fall 2017 to complete his incomplete grades from the semester

---

[1] Doe's affidavit identifies certain factual and typographical errors in the third amended complaint. Doe Aff. ¶¶ 5, 7, Pl.'s Sealed Ex. 1 Supp. Mot. Prelim. Inj. & TRO, ECF No. 109 at Doe Appx. 3–4. Doe attaches a draft revised complaint correcting the errors. Pl.'s Sealed Ex. 3 Supp. Mot. Prelim. Inj. & TRO, ECF No. 109 at Doe Appx. 14–86. The identified errors are not relevant to Doe's motion. Nevertheless, to the extent Doe has learned of factual inaccuracies in the third amended complaint, he should move to file a fourth amended complaint correcting the inaccuracies. *See* Fed. R. Civ. P. 11(b)(3); Iowa R. Prof'l Conduct r. 32:3.3(a)(1); *see also* Fed. R. Civ. P. 15(a)(2). Alternatively, if Defendants provide written consent, Doe may file a fourth amended complaint without leave from the Court. *See* Fed. R. Civ. P. 15(a)(2).

prior to his expulsion," but he "could not complete them due to his distress" arising from the disciplinary proceedings. *Id.* ¶ 427. Therefore, he failed the courses. *Id.* In August 2019, Doe left his job at a local organization assisting people with disabilities "due to his debilitating depression, anxiety, and physical deterioration" caused by the disciplinary proceedings. *Id.* ¶ 275.

Doe began applying for jobs again in February 2020. ECF No. 101-1 at 3. In May 2020, he applied for a position as a drug and alcohol counselor. *Id.* He was offered, and accepted, the job. *Id.* Due to recent staff departures, Doe's new employer wants him to become a licensed counselor "immediately." *Id.* To do so, Doe must have his academic transcript sent directly from the University to the licensing board. *Id.*; Pl.'s Sealed Ex. 2 Supp. Mot. Prelim. Inj. & TRO 1, ECF No. 109 at Doe Appx. 6. Additionally, the licensing application requires a release authorizing the licensing board to investigate Doe's background, on the understanding that "false or misleading statements or omissions may result in the denial" of an application. ECF No. 101-1 at 3; Pl.'s Sealed Ex. 2 Supp. Mot. Prelim. Inj. & TRO 4, ECF No. 109 at Doe Appx. 9. It also allows the licensing board to request information from organizations that "may have pertinent information regarding [an] application." ECF No. 101-1 at 3; Pl.'s Sealed Ex. 2 Supp. Mot. Prelim. Inj. & TRO 3, ECF No. 109 at Doe Appx. 8.

Doe claims the licensing application's required release "would expose information surrounding the unlawful expulsion" and the "related records would include defamatory and prejudicial comments made against" him. ECF No. 101-1 at 3. He claims he "faces a real and immediate danger" that his professional reputation will be damaged, and that he will "either have to resign or face termination for not being able to fulfill the job's requirements." *Id.* The "primary purpose" of Doe's request for injunctive relief is to allow him to keep his job and health insurance. *Id.* Doe claims that losing his job and health insurance would cause a "substantial financial burden." *Id.* at 4.

On July 13, 2020, Doe filed a motion for a temporary restraining order and preliminary injunction. ECF No. 101. Doe seeks an order requiring the University "to expunge his disciplinary records and failed grades," thereby allowing him to keep his job. ECF No. 101-1 at 1. Defendants resist Doe's motion. ECF No. 113.

Neither party requests a hearing on Doe's motion and there are no material factual disputes to resolve. As such, the Court now rules on Doe's motion without a hearing. *See United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 744 (8th Cir. 2002) ("An evidentiary hearing is required prior to issuing a preliminary injunction only when a material factual controversy exists."). Because Doe seeks expedited relief, the Court considers his motion without waiting for his reply brief. *See* LR 7(g) ("[T]he court may elect to rule on a motion without waiting for a reply brief."); *see also* Text Order, ECF No. 105 (expediting Defendants' resistance deadline).

## III.   LEGAL STANDARD

Doe seeks a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65. ECF No. 101 at 1. "The party seeking a preliminary injunction bears the burden of establishing the necessity of this equitable remedy." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 316 (8th Cir. 2009). To decide if a movant satisfies this burden, a court considers the four *Dataphase* factors: "(1) the threat of irreparable harm to the moving party; (2) the weight of this harm as compared to any injury an injunction would inflict on other interested parties; (3) the probability that the moving party will succeed on the merits; and (4) the public interest." *Id.* (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)). The *Dataphase* factors are not applied as a "rigid formula." *Bandag, Inc. v. Jack's Tire & Oil, Inc.*, 190 F.3d 924, 926 (8th Cir. 1999). "No single factor in itself is dispositive; in each case all the factors must be considered to determine whether on balance they weigh towards granting the injunction." *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "[T]he burden on the movant is heavy, in particular where . . . 'granting the preliminary injunction will give [the movant] substantially the relief it would obtain after a trial on the merits.'" *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998) (third alteration in original) (quoting *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 486 (8th Cir. 1993)). Ultimately, a court "has broad discretion when ruling on requests for preliminary injunctions." *Id.* Preliminary injunctions and temporary restraining orders are governed by the same legal standard. *Izabella HMC-MF, LLC v. Radisson Hotels Int'l, Inc.*, 378 F. Supp. 3d 775, 778 n.2 (D. Minn. 2019) (citing *S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989)).

## IV.   DISCUSSION

Applying the *Dataphase* factors, the Court concludes Doe is not entitled to a temporary restraining order or preliminary injunction. The Court assumes without deciding that Doe has a likelihood of success on the merits. Even so, Doe fails to demonstrate he will suffer irreparable harm. This factor alone precludes his request for preliminary injunctive relief. And even if it did not, Doe's showing on the other factors is insufficient to overcome his failure to show irreparable harm.

### A.   Likelihood of Success on the Merits

Although "'no single factor is determinative,'" likelihood of success on the merits is "the most significant." *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (quoting *Dataphase*, 640 F.2d at 113). To determine the likelihood of success on the merits, a court assesses whether the plaintiff has a "fair chance" of prevailing. *Planned Parenthood v. Rounds*, 530 F.3d 724, 732–33 (8th Cir. 2008) (en banc). In doing so, "a court should flexibly weigh the case's particular circumstances to determine whether the balance of equities so favors the

movant that justice requires the court to intervene to preserve the status quo." *United Indus.*, 140 F.3d at 1179 (quoting *Calvin Klein Cosmetics*, 815 F.2d at 503).

Doe argues he is likely to succeed on the merits of each of his claims. *See* ECF No. 101-1 at 5–24. Defendants disagree. ECF No. 113 at 4–22. The Court granted Defendants' motion to dismiss Doe's third amended complaint as to several of Doe's claims, but it found Doe alleges a plausible claim for erroneous outcome under Title IX of the Education Amendments of 1972. ECF No. 106 at 44–45; *see also id.* at 30–34. Based on that conclusion, the Court assumes without deciding that Doe has a "fair chance" of prevailing on his erroneous outcome claim. *Rounds*, 530 F.3d 724, 732–33; *see Watkins Inc. v. Lewis*, 346 F.3d 841, 844–46 (8th Cir. 2003) (assuming, without deciding, that a plaintiff had a likelihood of success on the merits but nevertheless affirming the denial of a preliminary injunction because the plaintiff did not show irreparable harm).

### B.   Irreparable Harm

The Court next turns to irreparable harm. "Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins*, 346 F.3d at 844; *accord Glenwood Bridge, Inc. v. City of Minneapolis*, 940 F.2d 367, 371 (8th Cir. 1991) ("[T]he movant's failure to sustain its burden of proving irreparable harm ends the inquiry.").

"To succeed in demonstrating a threat of irreparable harm, 'a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief.'" *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 706 (8th Cir. 2011) (quoting *Iowa Utils. Bd. v. FCC*, 109 F.3d 418, 425 (8th Cir. 1996)). "The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City S. Transp. Co. v. Teamsters Local Union No. 41*, 126 F.3d 1059, 1066–67

(8th Cir. 1997) (internal quotation marks omitted) (quoting *Ferry–Morse Seed Co. v. Food Corn, Inc.*, 729 F.2d 589, 593 (8th Cir. 1984)). Although the likelihood of success on the merits prong carries the most weight of the *Dataphase* factors, *see Home Instead*, 721 F.3d at 497, "[w]hen there is an adequate remedy at law, a preliminary injunction is not appropriate," *Watkins*, 346 F.3d at 844. "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Rogers Grp., Inc. v. City of Fayetteville*, 629 F.3d 784, 789 (8th Cir. 2010) (internal quotations marks omitted) (quoting *Gen. Motors Corp.*, 563 F.3d at 319).

Doe claims he faces a threat of imminent, irreparable harm because he will lose his job and health insurance absent injunctive relief. ECF No. 101-1 at 2–4. He claims his reputation and career prospects will also suffer if Defendants are not enjoined. *Id.* Defendants respond that Doe's feared harm is both speculative and "predominantly monetary." ECF No. 113 at 23.

Doe does not demonstrate a threat of irreparable harm. To begin, Doe has an adequate remedy at law. Doe tailors his request for injunctive relief to keeping his job and health insurance, so as to avoid financial harm. ECF No. 101-1 at 3 ("The primary purpose of this TRO right now is for [Doe] to keep his current job and health insurance."). To the extent Doe suffers financial harm from lost paychecks or medical expenses, those injuries can be "fully compensated through an award of damages." *City of Fayetteville*, 629 F.3d at 789.

Doe references other types of harm, including reputational damage and loss of career prospects. ECF No. 101-1 at 3–4. Other courts have found these types of harms to be irreparable in this context. *See, e.g., Doe v. Univ. of Cincinnati*, 872 F.3d 393, 407 (6th Cir. 2017). But Doe does not base his request for injunctive relief on those non-monetary harms. *See* ECF No. 101-1 at 3–4. Moreover, Doe fails to explain why he waited over a year after filing his complaint—and more than two years after his expulsion became final—to move for injunctive relief to prevent

7

those harms. *See Beame v. Friends of the Earth*, 434 U.S. 1310, 1313 (1977) (concluding appellants' delay in seeking a stay "vitiates much of the force of their allegations of irreparable harm"); *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013) (affirming district court's finding of lack of irreparable harm because plaintiff waited seventeen months after alleged injury to seek injunctive relief and did not demonstrate that monetary damages were insufficient). The financial harm Doe fears is tied to his current job, but Doe does not explain why the more general reputation- and career-based harm he fears is more imminent now than it was a year or two ago. *See Novus Franchising*, 725 F.3d at 894 (noting "delay alone may justify the denial of a preliminary injunction when the delay is inexplainable in light of a plaintiff's knowledge of the conduct of the defendant").

Doe also fails to demonstrate the threatened harm is certain and imminent. *See Roudachevski*, 648 F.3d at 706. Doe claims 1) the licensing board will deny him a license based on his failed grades or his disciplinary record at the University, and 2) he will lose his job when he is denied a license. Doe does not demonstrate that either of these events is certain to occur. For example, he does not demonstrate the licensing board will investigate his background, although it reserves the right to do so. *See* Pl.'s Sealed Ex. 2 Supp. Mot. Prelim. Inj. & TRO 3–4, ECF No. 109 at Doe Appx. 8–9. He also does not demonstrate that his failing grades will preclude him from becoming licensed. In fact, Doe suggests he obtained his current job because he had already completed "the required graduate classes in counseling." ECF No. 101-1 at 3. Finally, Doe does not demonstrate that he will lose his job if he fails to obtain a license. Doe was hired without a license and continues to hold his job without a license. *See id.* These facts suggest Doe may be able to keep his job without a license. For these reasons, Doe fails to demonstrate "the harm is certain and great and of such imminence that there is a clear and present need for equitable relief."

*Roudachevski*, 648 F.3d at 706 (internal quotation marks omitted) (quoting *Iowa Utils. Bd.*, 109 F.3d at 425).

Doe's failure to demonstrate irreparable harm "ends the inquiry." *Glenwood Bridge*, 940 F.2d at 371. Doe is not entitled to a temporary restraining order or a preliminary injunction. *See id.* Nevertheless, the Court analyzes the third and fourth *Dataphase* factors and concludes neither outweighs Doe's failure to show irreparable harm.

### C. Balance of Harms

The Court next considers "the balance between th[e] harm [to the movant] and the injury that the injunction's issuance would inflict on other interested parties." *Pottgen v. Mo. State High Sch. Activities Ass'n*, 40 F.3d 926, 928 (8th Cir. 1994). This factor requires examining the harm granting or denying the injunction poses to all parties to the dispute, as well as other interested parties. *See Dataphase*, 640 F.2d at 113–14; *accord Baker Elec. Coop., Inc. v. Chaske*, 28 F.3d 1466, 1473 (8th Cir. 1994).

Doe argues the balance of harms favors him because Defendants "have no cognizable interest in [Doe's] unlawful discipline, nor will they be deprived of anything with [Doe] working at a local institution that is off-campus." ECF No. 101-1 at 4. By contrast, Doe contends "Defendants have prevented [Doe] from completing his education, left him distressed, and [are] making him wait for years to graduate." *Id.* At best, he claims "he will have a four-year time gap on his resume if allowed to graduate from the program." *Id.* Defendants do not address this factor. *See* ECF No. 113 at 4 n.9.

Doe fails to identify any harms the requested injunction would prevent. Doe seeks a TRO and preliminary injunction ordering the University to expunge his records so he can keep his job. ECF No. 101 at 1. His motion does not seek reinstatement at the University. Therefore, Doe's requested injunction would not prevent any of the academic harms he identifies. Rather, the harms

9

Doe identifies would persist even if the Court granted his requested injunction. Because Doe identifies no relevant harms, he fails to demonstrate the balance of harms weighs in his favor. The Court also notes there is no guarantee Doe's requested injunction would prevent the specific harms he seeks to prevent through his motion—i.e., loss of job and health insurance—because Doe's employer is not a party to this litigation and cannot be enjoined from terminating his employment. *See* Fed. R. Civ. P. 65(d)(2).

### D.   Public Interest

Finally, the Court considers whether a preliminary injunction would serve the public interest. *Dataphase*, 640 F.2d at 113. The public interest can include, for example: promoting the national defense, *Winter*, 555 U.S. at 24; protecting constitutional rights, *Phelps–Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir. 2008), *rev'd on other grounds sub nom. Phelps–Roper v. City of Manchester*, 697 F.3d 678 (8th Cir. 2012) (en banc); or having governmental agencies fulfill their obligations, *Sierra Club v. U.S. Army Corps of Eng'rs*, 645 F.3d 978, 997 (8th Cir. 2011). Doe argues the public interest favors "fair, impartial, and reliable" sexual misconduct proceedings and the protection of constitutional rights. ECF No. 101-1 at 24–25. Defendants do not address this factor. *See* ECF No. 113 at 4 n.9.

At a general level, Doe is correct that the public interest favors the protection of constitutional rights. *See Phelps–Roper*, 545 F.3d at 690. But Doe fails to explain why the specific injunction he requests is in the public interest. Doe alleges Defendants violated his constitutional rights, but his motion does not seek to prevent any ongoing or threatened constitutional violations. *See* ECF No. 101-1. Instead, it seeks to protect Doe's private interest in keeping his job. *Id.* at 1. Moreover, even if Doe's requested injunction would prevent constitutional violations, this factor alone would not justify granting his motion given his insufficient showing on other factors.

## V. CONCLUSION

The Court assumes without deciding that Doe has a likelihood of success on the merits. Even so, Doe fails to demonstrate irreparable harm. This factor alone precludes his request for preliminary injunctive relief. And even if it did not, Doe's showing on the *Dataphase* factors does not overcome his failure to show irreparable harm. Therefore, Doe is not entitled to a TRO or preliminary injunction.

Accordingly, **IT IS ORDERED** that Plaintiff John Doe's Motion for a Temporary Restraining Order and Injunctive Relief, ECF No. 101, is **DENIED.**

**IT IS SO ORDERED.**

Dated this 27th day of July, 2020.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE