IN THE STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) CASE NO. 3:19-CV-00047-RGE-HC |
| | ) |
| Plaintiff, | ) |
| | ) PLAINTIFF'S MOTION FOR |
| v. | ) RULE 56 (d) CONTINUANCE |
| | ) |
| | ) **RESISTED** |
| | ) |
| UNIVERSITY OF IOWA, et al., | ) TELEPHONIC HEARING SCHEDULED |
| | ) WITH JUDGE ADAMS REQUESTED |
| Defendant. | ) |
| | ) **EXPEDITED RELIEF REQUESTED** |

Pursuant to Fed. R. Civ. Proc. 56 (d) and Local Rule 56 (g), moves for an order continuing trial and for an order extending summary judgment resistance deadline pending ruling on Plaintiff's Motion to Compel, or alternatively, for an order denying summary judgment based upon Defendants' failure to produce documents responsive to Plaintiff's Request for Production. In support, Plaintiff states:

1. Trial is currently set for July 19, 2021. Summary Judgment resistance deadline is set for February 5, 2021. Hearing on summary judgment is set for March 5.

2. This Court has previously indicated that there would be no continuances unless extraordinary circumstances were present.

3. Relief is warranted under Rule 56 (d), which provides in full:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery;

or (3) issue any other appropriate order.

1

4.     In turn, Local Rule 56 (g) provides that any Rule 56 (d) continuance must be filed within 14 days after service and supported by declaration.

5.     A declaration is submitted by Plaintiff's Counsel in support, which is attached hereto. It was originally submitted as Exhibit 7 in Motion to Compel.

## CAUSE FOR RULE 56 (d) Relief

6.     The primary cause is that Plaintiff still has a Motion to Compel pending, which Plaintiff contends will reveal significant evidence of institutional bias against male respondent's in sexual assault or harassment investigations under Title IX.

7.     To that end, Plaintiff has filed a Motion to Compel production of documents directly related to UI handling of Title IX investigations, to wit:

> A.     Identify U.S. Department of Education's Office of Civil Rights' ("OCR") Title IX complaints, investigations, and/or enforcement actions that involved UI, from January 1, 2015 to present, based on UI's handling of either Sexual Misconduct or based on gender discrimination, bias, harassment, etc., – and – produce Documents and Communications exchanged between UI and OCR during this time frame, related to the above-referenced matters.
>
> **This request is "distilled" from Plaintiff's Request for Production no. 6 - 10.**
>
> B. Non-attorney/client privileged Documents and Communications Concerning the Title IX lawsuit mentioned in paragraph 282 of Plaintiff's Third Amended Complaint. Documents and Communications for this request will be limited to the gender of the accuser and the accused, the investigator's and adjudicator's report of the allegations and findings, the sanctions given, all documents in the university-level appeal stage, the final outcome of the university-level case, and internal, university communications between individual Defendants relating to the Complaint(s) filed in Court(s).
>
> **This request is "distilled" from       Plaintiff's Request for Production no. 10 and 11.**

8.     As noted in his Declaration, the original Request for Production was served on September 18, 2020. See Attached Declaration at ¶ 3.

9. Throughout the discovery process, Plaintiff repeatedly emphasized that he would be flexible with continuances on the conditions that Defendants would work collaboratively to identify objections or candidly express concerns about scope of request. See Attached Declaration at ¶ 4.

10. On December 2, 2020, Defense Counsel sent me an e-mail to discuss any discovery issues that I wanted to address on the conference call with the Court, scheduled a week later, or if they should cancel the call. Ex. 2, p. 8. I responded by saying, "I think the big thing for me will be where we are on our discovery request. Approximate time as to when you think that will come? Again if you have any overbroad or other objections, I can work with you collaboratively to address." See Attached Declaration at ¶ 5.

11. I relied on Defense Counsel to disclose to me that there were serious concerns regarding discovery. However, Opposing Counsel shared no concern, and assured me that Plaintiff would receive the bulk of the production on December 4, 2020. Ex. 2, p. 6. See Attached Declaration at ¶ 6.

12. As such, I responded by saying that I would then have no issues with canceling the conference call while reminding Opposing Counsel that "Again, as long as you think there are no major issues with the discovery requests. If there are issues, I would be happy to work with felicitous cooperation to try to resolve. I am not anticipating that though." See Attached Declaration at ¶ 7.

13. The full and final Answers to the Production Request occurred on December 29, 2020. See Attached Declaration at ¶ 11.

14. The University's Response included a series of boilerplate responses, including: irrelevancy, vagueness, overbreadth, undue burden, attorney-client privilege, attorney work product, and privilege under state and federal privacy laws, including FERPA. *Id.*

15. Anticipating the summary judgment deadline, Plaintiff diligently tried to communicate with Defense counsel through various communications the week of January 11 and

was able to secure partial production of some of the requested documents; however, they were produced after Defendants filed summary judgment.

        A. January 18, 2021 (1st Supplement)

        B. January 22, 2021 (2nd and 3rd Supplements)

        C. January 27, 2021 (4th Supplement)

        D. January 29, 2021 (Received at 5:20pm on January 29, 2021).

      16.     After having withheld internal communications and external communications with US Department of Education Office of Civil Rights, the Defendants now take Plaintiff to task for failing to produce proof of institutional bias: "The evidentiary record does not support Plaintiff's broader claims of systemic pressures and gender bias within the University's procedures." (Document 129-1) (p. 22).

      17.     In their analysis of Plaintiff's Title IX claims, Defendants note: "Plaintiff has provided no evidence that an accused student's gender is a factor considered as part of the sanctioning decision." (p. 29).

      18.     Defendants cannot have it both ways – object to Plaintiff's requests for production on OCR investigation pressures and internal communications regarding relevant lawsuits with boilerplate objections, while simultaneously claiming that he has failed to provide evidence for his claims.

      19.     As noted in the Motion to Compel, the requested documents are highly relevant to claims of institutional discrimination and individual discrimination.

      20.     Defendants say that the 8th Circuit found alleged enforcement pressures stemming from 2011 DCL as inadequate (p. 23). UI left out that in that particular case, the Plaintiff failed to show how the 2011 DCL decision and relevant lawsuits influenced the outcome in his case. The 8th Circuit was clear when it said, "In so holding, we note that the pressure that was being put on Drake

to investigate and adjudicate IX complaints by females against males does not appear to have approached that described in *Doe v. University of Arkansas-Fayetteville*, 974 F.3d at 865, nor was it combined with the clearly irregular investigative and adjudicative processes that were found to support a prima facie claim of sex discrimination in *Doe v. Columbia University*, 831 F.3d at 56-57, and in *Menaker*, 935 F.3d at 34-37." *Rossley v. Drake Univ.*, No. 18-3258, at *19-20 (8th Cir. 2020). Thus, if Plaintiff can show that females' complaints against males approached that described in Unv. of *Arkansas-Fayetville*, Plaintiff's arguments for an erroneous outcome would have weight. But Defendants have been resisting providing documents that Plaintiff requested, which he believes are dispositive to his claims.

21. Defendants then say that "On the second issue – OCR investigations – federal courts have already found such allegations to be insufficient to demonstrate the requisite gender bias at the summary judgment stage." (citing *Rossley*, 342 F.Supp.3d at 929-30. The 8th Circuit said no such thing about OCR investigations, which is inconsistent with of it had said. The 8th Circuit's responded to Rossley's allegation that "alleg[ing] that all fifty-one persons accused of sexual misconduct at Drake during the 2015-16 academic year were male" is somehow evidence of gender discrimination. *Rossley* at *17 (8th Cir. Nov. 5, 2020). In fact, the 8th Circuit never mentions OCR investigations in Rossley and cautioned on the importance of discovery, by citing the 6th Circuit decision in Doe v Miami. Rossley at *18.

22. Here, UI did not provide Plaintiff highly relevant information that the OCR investigated Stevenson Earl and Frost for gender bias against males. Defendants are yet to provide the outcome of this investigation.

23. To grant an extension, the 8th Circuit has made clear that:

> "[a] party invoking [Rule 56(d)'s] protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required ... and how postponement of a ruling

> on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."

*Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005) (quoting Willmar Poultry Co. v. Morton-Norwich Products, Inc., 520 F.2d 289, 297 (8th Cir. 1975) and Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); United States v. C.E. Light, 766 F.2d 394, 397 (8th Cir. 1985) (the party seeking additional discovery must affirmatively demonstrate how it will allow her "to rebut the movant's showing of the absence of a genuine issue of fact").

## REQUESTED RELIEF

24. Rule 56 (d) authorizes multiple forms of relief based upon good cause shown. The Court can (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

25. Under these circumstances, a continuance of summary judgment deadline resistance deadline is necessary to allow Plaintiff to review and use the targeted requests that he made in the Motion to Compel.

26. Defendant understands that the likely effect of that will be continuance of trial.

27. Defendant understands that Defendant will not resist a one week extension of summary judgment resistance deadline, but will resist any further relief.

28. Alternatively, if the Court decides not to extend, it would just exercise its discretion to deny summary judgment on the basis of the failure to produce documents that it is not alleging that Plaintiff failed to produce during discovery, something which he has no custodial control over.

For the above reasons, Plaintiff moves to :

A. Seek an order continuing resistance deadline to summary judgment pending the Court's Ruling on Motion to Compel, and

B. An Order Continuing and Resetting Trial, or

C. Alternatively, if extensions are denied, an order denying summary judgment based upon failure to produce documents and articulate legally adequate responses to summary judgment.

RESPECTFULLY SUBMITTED,

/s/ Rockne Cole

---

ROCKNE O. COLE
Cole Law Firm, PC
209 E. Washington, Ste. 304
Iowa City, IA  52240
(319)519-2540
(319)359-4009   **FAX**
rocknecole@gmail.com
Iowa Pin AT1675
**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**
I hereby certify that on January 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the parties or attorneys of record.
/s/ Rockne Cole

---